# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 01 2014

Sherri R. Carter, Executive Officer/Clerk

By Nancy Alvarez, Deputy

**NOTICE TO DEFENDANT:** MARTEN TRANSPORT, LTD., a Delaware
*(AVISO AL DEMANDADO):* corporation; MARTEN TRANSPORT SERVICES,
LTD., a Delaware corporation; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONALD HARRINGTON, on behalf of himself, all others similarly situated, and the
general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles 111 North Hill Street Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):* **BC 565214** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: David Spivak, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE SPIVAK LAW FIRM
9454 Wilshire Blvd., Suite 303, Beverly Hills, CA 90212                                310-499-4730

DATE: DEC 01 2014                                    Clerk, by _____ , Deputy
*(Fecha)*                                             *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov Westlaw Doc & Form Builder |

DAVID G. SPIVAK (SBN 179684)
    David@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
    Caroline@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Blvd., Ste 303
Beverly Hills, CA 90212
Telephone:    (310) 499-4730
Facsimile:    (310) 499-4739

Attorneys for Plaintiff,
DONALD HARRINGTON
(Additional Counsel on Following Page)

**FILED**
Superior Court of California
County of Los Angeles

DEC 01 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
      Nancy Alvarez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT
### *(UNLIMITED JURISDICTION)*

| | |
|---|---|
| DONALD HARRINGTON, on behalf of himself, all others similarly situated, and the general public,<br><br>*Plaintiff,*<br><br>vs.<br><br>MARTEN TRANSPORT, LTD., a Delaware corporation; MARTEN TRANSPORT SERVICES, LTD., a Delaware corporation; and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No.   **BC 565214**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 226.7 and 1198);<br>3. Failure to Pay All Wages Earned for All Hours Worked (Lab. Code §§ 1194, 1197, and 1198);<br>4. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>6. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and<br>7. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a) (Fair Credit Reporting Act).<br><br>**JURY TRIAL DEMANDED** |

## ADDITIONAL ATTORNEY FOR PLAINTIFF

SHAUN SETAREH (SBN 204514)
     Shaun@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109


LOUIS BENOWITZ (SBN 262300)
     Louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:    (310) 844-5141
Facsimile:    (310) 492-4056

Plaintiff, DONALD HARRINGTON (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class and representative action against defendants MARTEN TRANSPORT, LTD., MARTEN TRANSPORT SERVICES, LTD., and Does 1-50, inclusive (collectively "Defendants") for alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), Business and Professions Codes, and the Fair Credit Reporting Act ("FCRA").

2.      As set forth in more detail below, Plaintiff alleges that Defendants are liable to him and other similarly situated current and former truck drivers in California for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) pay all wages for all hours worked, (2) provide all rest breaks, (3) provide all meal periods, (4) fairly compete, (5) provide accurate wages statements, and (6) timely pay final wages upon termination of employment. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

3.      Plaintiff also alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law. Plaintiff, individually and on behalf of all other similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 et seq.

## PARTIES

4.      Defendants employed Plaintiff as a truck driver from approximately April 2012 to January 2014. Plaintiff worked approximately eleven (11) to fourteen (14) hours per day.

5.      Defendant MARTEN TRANSPORT, LTD. is a corporation organized and existing under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

6.      Defendant MARTEN TRANSPORT SERVICES, LTD. is a corporation organized and existing under the laws of Delaware and also a citizen of California based on

Plaintiff's information and belief.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9.     At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described class in accordance with applicable laws as alleged herein.

10.    Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ALLEGATIONS

11.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.    **Class Definitions:** The classes are defined as follows:

A.     **Truck Driver Class:** All persons Defendants employed in California as truck drivers and in other comparable positions at any time during the period beginning four years prior to the filling of this action and ending on the date that final judgment is entered in

this action.

B.    **FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

13.   **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

14.   **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

15.   **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.    Whether Defendants failed to provide the class with all rest breaks as required by section 12 of the Wage Order?

B.    Whether Defendants failed to provide the class with all meal periods as required by section 11 of the Wage Order?

C.    Whether Defendants failed to pay all wages earned to class members for all hours worked?

D.    Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class?

E.    Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

F.    Whether Defendants willfully failed to provide the class with timely final wages?

G.    Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

H.    Whether Defendants willfully failed to comply with the FCRA?

I.   Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through alleged Labor Code violations?

16.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code, and the Business and Professions Code, and FCRA as alleged herein.

17.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

18.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

**(Lab. Code §§ 226.7, 512, and 1198)**

**(By Plaintiff and the Truck Driver Class against all Defendants)**

20.   Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

21.    At all relevant times during the applicable limitations period, Plaintiff and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

22.    Labor Code § 1198 states,

"The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

23.    In relevant part, Labor Code Section 512 states

"An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

24.    In relevant part, Section 11 of the Wage Order states

"Meal Periods

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)    Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work

prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

25.   In addition, Labor Code Section 226.7 states

(b)   An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)   If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

26.   Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and class members were entitled to be provided with uninterrupted meal periods of at least thirty (30) minutes for each day they worked five (5) or more hours, and a second uninterrupted thirty (30) minute meal period on days they worked more than ten (10) hours.

27.   During the relevant time period, Defendants failed to provide Plaintiff with all timely meal periods required by California law, including, but not limited to, two 30-minute uninterrupted meal periods on workdays he worked more than ten hours. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all timely meal periods required by California law, including, but not limited to, two 30-minute uninterrupted meal periods on workdays they worked more than ten hours.

28.   Defendants failed to pay Plaintiff the additional wages required by California

1  Labor Code § 226.7 for all workdays in which one or more meal periods were not provided to

2  her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the

3  applicable limitations period, Defendants have maintained a policy, practice, or a lack of a

4  policy which resulted in Defendants not providing the class with additional wages for all

5  workdays on which one or more meal periods were not provided to each of them as required by

6  California Labor Code § 226.7.

7      29.    As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered

8  damages in amounts subject to proof to the extent they were not paid additional wages owed for

   all meal periods not provided to them.

9      30.    By reason of the above, Plaintiff and the members of the class are entitled to

10  premium wages for workdays in which one or more meal periods were not provided to them

11  pursuant to California Labor Code § 226.7.

12                      **SECOND CAUSE OF ACTION**

13                  **FAILURE TO PROVIDE REST PERIODS**

14                    **(Lab. Code §§ 226.7 and 1198)**

15      **(By Plaintiff and the Truck Driver Class against all Defendants)**

16      31.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

17      32.    At all relevant times during the applicable limitations period, Plaintiff and the

    class have been non-exempt employees of Defendants and entitled to the benefits and

18  protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

19      33.    Labor Code § 1198 states,

20              "The maximum hours of work and the standard conditions of labor fixed
21              by the commission shall be the maximum hours of work and the standard
                conditions of labor for employees. The employment of any employee for
22              longer hours than those fixed by the order or under conditions of labor
                prohibited by the order is unlawful."

23

24      34.    In relevant part, Section 12 of the Wage Order states

25              "Rest Periods:

26                  (A)    Every employer shall authorize and permit all employees
                to take rest periods, which insofar as practicable shall be in the
27              middle of each work period. The authorized rest period time shall
                be based on the total hours worked daily at the rate often (10)
28              minutes net rest time per four (4) hours or major fraction thereof.

---

*Harrington v. Marten Transport, Ltd. et al.*                7                Class Action Complaint

However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

35.    In addition, Labor Code Section 226.7 states

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

36.    Pursuant to the Wage Order, Plaintiff and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

37.    Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all rest breaks required by California law.

38.    Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for workdays in which one or more rest breaks were not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all

workdays on which one or more rest breaks were not provided to each of them as required by California Labor Code § 226.7.

39.     As a result of Defendants' unlawful conduct, Plaintiff and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

40.     By reason of the above, Plaintiff and the members of the class are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY EMPLOYEES ALL WAGES FOR ALL HOURS WORKED

### (Lab. Code §§ 1194, 1197, and 1198)

### (By Plaintiff and the Truck Driver Class against all Defendants)

41.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

42.     At all relevant times, Plaintiff and the class members have been entitled to the benefits and protections of the California Labor Code §§ 1194, 1197, and 1198 and the Wage Order.

43.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

44.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

45.     Under Section 5 of the Wage Order,

> "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

46.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum wage required under the applicable Wage Order.

47.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less

than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

48.    Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

49.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and class members with respect to working conditions and compensation arrangements.

50.    Defendants required Plaintiff and the class members to perform work off-the-clock. The off-the-clock work included, but was not limited to, the followings:

A.    Pre-trip, post-trip, and other inspections of the vehicles Defendants assigned to them which took approximately fifteen minutes to perform.

B.    Fueling their vehicles which took between thirty minutes to three hours to perform.

C.    Waiting for their shipments to be loaded or unloaded. Defendants failed to compensate them for the first two hours of the loading and unloading process.

51.    Defendants did not compensate Plaintiff and the class members for the time they spent performing such work. Rather, Defendants only compensated Plaintiff and the class members for miles driven.

52.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class for all hours worked.

53.    As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including minimum wages.

54.    Pursuant to Labor Code § 1194, Plaintiff, on behalf of himself and class members, seeks to recover unpaid minimum wages, liquidated damages in amounts equal to the amounts of unpaid wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

///

///

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and the Truck Driver Class against all Defendants)

55.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

56.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

57.     Pursuant to California Labor Code § 226(a), Plaintiff and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

58.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

59.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.      The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.      Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.      The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the

1  name and address of the legal entity that secured the services of the employer during the pay
2  period; and

3          D.      The name of the employee and only the last four digits of his or her social
4  security number or an employee identification number other than a social security number.

5          60.     "Promptly and easily determine," as stated in California Labor Code § 226(e),
6  means a reasonable person would be able to readily ascertain the information without reference
7  to other documents or information.

8          61.     As alleged herein, Defendants failed to provide Plaintiff and the class all wages
9  owed, including but not limited to, minimum wages for all hours worked and premium wages
10  for unprovided rest and meal periods. As a result, Defendants have failed to properly and
11  accurately itemize each employee's gross wages earned, net wages earned, the total hours
12  worked, the corresponding number of hours worked by employees and other requirements of
13  California Labor Code § 226. As a result, Defendants have violated California Labor Code §
    226.

14          62.     Defendants' failure to provide Plaintiff and the class with accurate wage
15  statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the
16  class with accurate wage statements but intentionally provided wage statements that Defendants
17  knew were not accurate.

18          63.     As a result of being provided with inaccurate wage statements by Defendants,
19  Plaintiff and the class have suffered injury. Their legal rights to receive accurate wage
20  statements were violated and they were misled about the amount of wages they had actually
21  earned and were owed. In addition, the absence of accurate information on their wage
22  statements prevented immediate challenges to Defendants' unlawful pay practices, has required
23  discovery and mathematical computations to determine the amounts of wages owed, has caused
24  difficulty and expense in attempting to reconstruct time and pay records and/or has led to the
25  submission of inaccurate information about wages to state and federal government agencies.
    Further, Plaintiff and the class were not able to ascertain from the wage statements whether
26  Defendants complied with their obligations under California Labor Code § 226(a).

27          64.     Pursuant to California Labor Code § 226(e), Plaintiff and the class are entitled to
28  recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period
    in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for

1    each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an

2    aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an

3    award of costs and reasonable attorneys' fees.

4    ### FIFTH CAUSE OF ACTION

5    ### WAITING TIME PENALTIES

6    ### (Lab. Code §§ 201-203)

7    ### (By Plaintiff and the Truck Driver Class against all Defendants)

     65.    Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

8    66.    At all relevant times during the applicable limitations period, Plaintiff and the

9    class have been non-exempt employees of Defendants and entitled to the benefits and

10   protections of California Labor Code §§ 201-203, and the Wage Order.

11   67.    Labor Code § 201 provides that all earned and unpaid wages of an employee

12   who is discharged are due and payable immediately at the time of discharge.

13   68.    Labor Code § 202 provides that all earned and unpaid wages of an employee

14   who quits after providing at least 72-hours notice before quitting are due and payable at the time

15   of quitting and that all earned and unpaid wages of an employee who quits without providing at

16   least 72-hours notice before quitting are due and payable within 72 hours.

17   69.    By failing to pay earned minimum and premium wages to Plaintiff and the class

18   members, Defendants failed to timely pay them all earned and unpaid wages in violation of

     Labor Code § 201 or § 202.

19   70.    Plaintiff is informed and believes that Defendants' failures to timely pay all final

20   wages to him and the class members have been willful in that Defendants have the ability to pay

21   final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted

22   policies or practice that are incompatible with those requirements.

23   71.    Labor Code § 203 provides that the wages of an employee continue on a daily

24   basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and

25   unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

26   72.    Plaintiff is informed and believes that Defendants' failures to timely pay Plaintiff

27   and the class members all of their earned and unpaid wages have been willful in that, at all

     relevant times, Defendants have deliberately maintained policies and practices that violate the

28   requirements of the Labor Code and the Wage Order even though, at all relevant times, they

have had the ability to comply with those legal requirements.

73.     Pursuant to Labor Code § 203, Plaintiff seeks waiting time penalties on behalf of himself and the class members, in amounts subject to proof not to exceed 30 days of waiting time penalties for each class member.

## SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION
#### (Bus. & Prof. Code §§ 17200, *et seq.*)
#### (By Plaintiff and the Truck Driver Class against all Defendants)

74.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

75.     At all relevant times during the applicable limitations period, Plaintiff and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

76.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages and reimburse them for all expenses.

77.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and the class have suffered injuries in fact and lost money or property. Plaintiff and the class were deprived of minimum wages for all hour worked and premium wages for all rest and meal periods not provided to them.

78.     Pursuant to California Business & Professions Code § 17203, Plaintiff and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

79.     Plaintiff and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///

///

///

### SEVENTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a))

### (By Plaintiff and the FCRA Class against all Defendants)

80.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

81.   Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

82.   Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

83.   Section 1681a(d)(1) of the FCRA defines "consumer report" as

any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

84.   Section 1681a(e) of the FCRA defines "investigative consumer report" as

a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

85.   Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

…

(2) Disclosure to consumer

    (A) In general
    Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

       i.   *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the*

---

*Harrington v. Marten Transport, Ltd. et al.*          15          Class Action Complaint

*disclosure*, that a consumer report may be obtained for employment purposes; and

ii.      the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

86.    Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1)      it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A)      is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B)      *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

87.    Plaintiff alleges, on information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

88.    When Plaintiff applied for employment with Defendants in approximately April of 2012, Defendants required him to fill out an application form named "Company Driver Application"). Page four (4) of this application included a language purportedly disclosing to prospective applicants, including Plaintiff and class members, that a credit and/or background report may be obtained about them in connection with the employment application. Upon the signing of this application, Plaintiff and class members purportedly authorized Defendants to procure a credit and/or background report. This purported disclosure contains, among other

1    information such as Plaintiff's emergency contact person,  the following information which has

2    nothing to do with the disclosure of the intent to perform a credit or background check:

3           I hereby certify that all information on this application was completed by me
             and is true and complete to the best of my knowledge. I understand that any
4           omission or misrepresentation is "falsification" and may result in refusal of or
             separation from employment. I hereby authorize Marten Transport, LTD. to
5           do a complete background investigation in accordance with state and federal
             laws. I authorize release of any information, including all information related
6           to my alcohol and controlled substance testing and training records as required
             b the Federal Motor Carrier Safety Regulations 49 CFR Parts 40, 391, or 382,
7           by any past or current employer. I hereby release all such persons from any
             liability or damages.
8

9           I consent to the procurement and use of any consumer reports, including
10          reports from HireRight, Inc., deemed necessary by Marten Transport, Ltd. in
             their consideration of my employment. I understand it is my right to review
11          and contest any information received from my previous employers.

12          I authorize Marten Transport, Ltd. to access the FMCSA Pre-Employment
13          Screening Program (PSP) system to seek information regarding my
             commercial driving safety record and information regarding my safety
14          inspection history. I understand I am consenting to the release of safety
             performance information including crash data from the previous five (5) years
15          and inspection history from the previous three (3) years.

16

17          89.    As part of the application, Defendants also requested Plaintiff to sign their

18   "Driver Authorization to Release Records." This authorization form included the same language

19   described above. Defendants finally required Plaintiff to sign a separate document which

20   consisted of two separate parts: "Part I-DOT Drug and Alcohol Release" and "Part II-Consumer

21   Report Disclosure and Release." The second part included a language purportedly disclosing to

22   prospective applicants, including Plaintiff and class members, that a credit and/or background

23   report may be obtained about them in connection with the employment application. Upon the

24   signing of Part II, Plaintiff and class members purportedly authorized Defendants to procure a

25   credit and/or background report. This purported disclosure contains information which has

26   nothing to do with the disclosure of the intent to perform a credit or background check,

27   including the "Part I-DOT Drug and Alcohol Release."

28          90.    Because the purported disclosures are embedded within an employment

     application and surrounded by extraneous information, and are not clear and unambiguous

     disclosures in stand-alone documents, they do not meet the requirements under the law. Among

     _____
     *Harrington v. Marten Transport, Ltd. et al.*          17                    **Class Action Complaint**

1    other extraneous information, these purported disclosures contain the following information

2    (hereafter referred to as the "Release") which has nothing to do with the disclosure of the intent

3    to perform a credit or backgrounds check: "I hereby release all such persons from any liability

4    and damages."

5        91.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

6    report or investigative consumer report for employment purposes unless the disclosure is made

7    in a document that consists solely of the disclosure and the consumer has authorized, in writing,

8    the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of the Release

9    and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

10       92.    Although the disclosure and the authorization may be combined in a single

11   document, the Federal Trade Commission ("FTC") has warned that the form should not include

12   any extraneous information or be part of another document. For example, in response to an

13   inquiry as to whether the disclosure may be set forth within an application for employment or

14   whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

18       93.    The plain language of the statute also clearly indicates that the inclusion of a

19   liability release in a disclosure form violates the disclosure and authorization requirements of

20   the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC

21   expressly has warned that the FCRA notice may not include extraneous information such as a

22   release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

26       94.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C.

27   § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request

28   for a consumer's waiver of his or her rights under the FCRA."

95.     By including the Release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

96.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and class members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

97.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

        (a)     Defendants are a large corporation with access to legal advice;

        (b)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

        (c)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

        (d)     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

98.     Defendants violated section 1681d(a)(1) of the FCRA by failing clearly and accurately disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiff and class members that such a report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to

request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiff's and class members' rights under 1681g(c) as part of the disclosure.

99.    On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, without providing a timely written summary of their rights under the FCRA.

100.    Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

101.    As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

102.    Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

103.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action;

B.    An order that Plaintiff be appointed class representative;

C.    An order that counsel for Plaintiff be appointed class counsel;

D.    Unpaid Wages;

E. Actual Damages;

F. Statutory Damages;

G. Liquidated Damages;

H. Restitution;

I. Declaratory and injunctive relief;

J. Equitable relief;

K. Pre-judgment interest;

L. Statutory penalties;

M. Punitive damages;

N. Costs of suit;

O. Interest;

P. Reasonable attorneys' fees; and

Q. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: December 1, 2014

By _____
DAVID SPIVAK, Attorney for Plaintiff,
DONALD HARRINGTON, and all others
similarly situated