1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David Spivak (SBN 179684)
        david@spivaklaw.com
Caroline Tahmassian (SBN 285680)
        caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd, Suite 312
Encino, CA 91436
Tel:    (818) 582-3086
Fax:   (818) 582-2561

Attorneys for Plaintiffs THE ESTATE OF DONALD HARRINGTON, EDWIN
AYALA, ERIC SCOTT POWELL, EMILIO VAZQUEZ, PATRICK GATSON,
ANTHONY BRYANT, JAMAR EVANS, and JAMES WILLIAMS
(Additional attorneys for the Plaintiffs on following page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DONALD HARRINGTON, EDWIN AYALA, ERIC SCOTT POWELL, EMILIO VAZQUEZ, PATRICK GATSON, ANTHONY BRYANT, JAMAR EVANS, and JAMES WILLIAMS, on behalf of themselves, all others similarly situated, and the general public, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, | Case No.: 15-CV-01419-MWF-ASx |
| | **DECLARATION OF DAVID SPIVAK IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| *Plaintiffs*, | Hearing Date: August 27, 2018 Hearing Time: 10:00 a.m. Judge: Hon. Michael W. Fitzgerald Courtroom 5A |
| vs. | |
| MARTEN TRANSPORT, LTD., a Delaware corporation; and DOES 1-50, inclusive, | |
| *Defendants*. | |

1

2

## <u>ADDITIONAL ATTORNEY FOR PLAINTIFFS</u>

3    SHAUN SETAREH (SBN 204514)

4         Shaun@setarehlaw.com
H. SCOTT LEVIANT (SBN 200834)

5         scott@setarehlaw.com

6    SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907

7    Beverly Hills, California  90212
Telephone:   (310) 888-7771

8    Facsimile:    (310) 888-0109

9

10   LOUIS BENOWITZ (SBN 262300)
     Louis@benowitzlaw.com

11   LAW OFFICES OF LOUIS BENOWITZ

12   9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212

13   Telephone:   (310) 844-5141

14   Facsimile:    (310) 492-4056

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DAVID SPIVAK IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, DAVID G. SPIVAK, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all the Courts of the State of California. I am a principal in The Spivak Law Firm. I am the attorney of record for Plaintiffs the Estate of Donald Harrington, Edwin Ayala, Eric Scott Powell, Emilio Vazquez, Patrick Gatson, Anthony Bryant, Jamar Evans, and James Williams ("Plaintiffs") and the putative class in this action and have been involved in this particular litigation since its inception.

2. The following facts are stated from my personal knowledge, except those facts stated on information and belief, which I believe to be true and correct, and if called as a witness, I could and would so competently testify thereto under oath.

3. A true and correct copy of the email of Angela Rafoth to me dated August 30, 2016 at 9:50 p.m. with 48 pages of various documents Defendant bates labeled as DEF0007681 through DEF0007728 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached collectively to this declaration as **Exhibit 1** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, account information, and employee identification numbers to protect the privacy of the employee's identifying and contact information. The following subparagraphs pertain to documents in Exhibit 1:

a. Exhibit 1 includes Defendant's model offer letters for over-the-road, regional driver, intermodal driver, and dedicated driver, bates labeled DEF0007681 through DEF0007684. Timothy Norlin deposition ("TN depo."), 23:17-24:12, 33:17-34:1, 36:17-37:2. These show that Defendant pays each category of driver a mileage-based rate, with the exception of the intermodal

1  driver who it pays at a day rate and the dedicated driver who it pays at a blended

2  day and mileage rate.

3      b.   Exhibit 1 also includes Marten Transport Training and

4  Development Manager's email message of February 19, 2016 to several other

5  employees of Defendant with materials from a Mindflash training course on

6  Defendant's report of "changes to allow us to be compliant with CA wage laws."

7  Defendant bates labeled these documents DEF0007685 through DEF0007696.

8      c.   Defendant states at DEF0007687, "Mandatory breaks are

9  based on hours worked **in California**, hours worked before entering CA and after

10 leaving CA do not count toward hours worked." Defendant testified that it is able

11 to track when its drivers (by their assigned trucks) are within the State of

12 California using "Qualcomm position reporting." Douglas Petit deposition ("DP

13 depo."), 86:20-87:6, 105:8-107:8. As Plaintiffs state in the memorandum of points

14 and authorities in support of his motion for class certification, this lawsuit will

15 decide for all class members whether hours worked by California-based drivers

16 before entering the State and after leaving it count towards hours worked that

17 qualify for breaks.

18     d.   Defendant states at DEF0007688, "a driver who works more

19 than 10 hours in a workday but who does not work more than 14 hours in a

20 workday is entitled to 10-minute rest breaks." Defendant tacitly recognizes here

21 that its drivers will at times work in excess of ten hours per day.

22     e.   Defendant states at DEF0007691 that "non-productive time"

23 "will be based on the drivers on duty not driving time from [their] prior week's

24 [electronic driver] logs." Defendant tacitly recognizes here that its drivers track

25 their time spent "on duty not driving."

26     f.   Defendant states at DEF0007692 that its pay to drivers for rest

27 breaks "is not added to their mileage pay, detention pay, etc., but is already

28 included in their total pay for that period." This shows that Defendant does not

separately pay its drivers for rest breaks. Defendant states at DEF0007696 that it implemented its new California pay plan on April 27, 2016, four months after Labor Code § 226.2 (with its nonproductive work and rest break pay requirements) went into effect.

        g.    Defendant's background check disclosure forms do not constitute "stand alone" disclosures. *See* Exhibit 1, DEF0007714-DEF0007727. These documents include liability releases that state, "I hereby release all such persons [Defendant and past and current employers] from any liability and damages." *Id.*

        h.    In DEF0007728, Defendant reported to its truck drivers that its new 2016 California compensation plan resulted in higher wages to drivers ("…drivers are actually coming out a bit better than under our regular pay plan."). Defendant acknowledges that, under the prior pay plan, it did not pay drivers when they spent "one hour, on duty, not driving" after they arrive at a customer ("$0"). *Id.* Defendant also indicates in the document that it did not separately compensate its drivers for pre- and post-trip inspections or fueling under the prior pay plan. *Id.*

    4.    A true and correct copy of Plaintiff Donald Harrington's Request for Production of Documents and Tangible things to Defendant Marten Transport, LTD., Set No. 1 is attached to this declaration as **Exhibit 2**. In response to these requests, Defendant produced all the materials, manuals, handbooks and policies in effect during the relevant time period which are attached to this declaration. Defendant also produced Plaintiff Donald Harrington's applications, driver authorizations, settlement details, operator settlements, pay stubs, driver logs, satellite messages, agreements, background checks, and acknowledgments of receipt of employment policies and procedures which are attached to this declaration.

    5.    A true and correct copy of the California Industrial Welfare

1 Commission's Wage Order 9-2001 applicable to the transportation industry and
2 effective July 1, 2002 is attached to this declaration as **Exhibit 3**.

3      6.     A true and correct copy of a sheet prepared by Defendant's counsel
4 that Douglas Petit used to refresh his memory during his deposition is attached to
5 this declaration as **Exhibit 4**. Exhibit 4 is titled "Notes Regarding Identification of
6 Drivers Driving in CA." Mr. Petit testified that, to his knowledge, this is sheet was
7 prepared by Defendant's counsel. *See* Douglas Petit deposition ("DP depo."),
8 69:1-8. It is not bates labeled. It states that, while Defendant is not aware of any
9 data to identify which of its drivers drove through California between December
10 2010 and the present, it has data regarding the location of each load that could be
11 used to estimate the number of drivers who performed work duties in California
12 from December 1, 2010 and the present (*see* Exhibit 21 below). It also states that
13 Defendant has estimated that there are 3,957 California resident drivers who
14 picked up or dropped off a load in California for the period of July 1, 2012
15 through December 31, 2015, of whom 1,133 are California residents.

16      7.     A true and correct copy of Plaintiff Donald Harrington's Request for
17 Production of Documents and Tangible things to Defendant Marten Transport,
18 LTD., Set No. 2 is attached to this declaration as **Exhibit 5**. In response to these
19 requests, Defendant produced all the materials, manuals, handbooks and policies,
20 putative class members' payroll records, trip sheets, Department of Transportation
21 logs, agreements, waivers, and authorization forms referred in its Initial
22 Disclosures (see Exhibit 9). These materials and policies are attached to and
23 discussed in this declaration.

24      8.     A true and correct copy of Defendant's "Operations Mission
25 Statement" dated October 2012 and bates labeled by Defendant as DEF0000521
26 and produced in response to Plaintiff Donald Harrington's Request for Production
27 of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No.
28 1 (see Exhibit 2) is attached to this declaration as **Exhibit 6**. It states, "To pick up

---

and deliver the produce damage free, on-time and in the most cost-effective manner."

9.     A true and correct copy of Defendant's Out Of Route Miles and On Time Appointments policies dated October 2012 and bates labeled by Defendant as DEF0000525 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached to this declaration as **Exhibit 7**. It states as follows:

a.     Any mile outside of the most direct route to a destination is an out of route mile. The document states, "Miles put on the truck for reasons that are not related to the route the customer ahs [*sic*] requested are also considered out of route, such as obtaining fuel, service work on equipment, pick up or delivery of pallets, traffic issues, weather and <u>personal use</u>...." (emphasis added). *See also* Exhibit 10, page 24.

b.     Mr. Petit testified that "personal" use means meals and rest breaks. DP depo., 123:20-25. It continues, "violation of this policy is ground for disciplinary action up to and including termination of employment." Preauthorization from a fleet manager is required for out of route miles. The document also states, "employees are responsible for on-time appointments to Marten Transport customers."

10.     A true and correct copy of Plaintiff Donald Harrington's Amended Notice of Deposition of Defendant's persons most knowledgeable ("PMK Deposition Notice") is attached to this declaration as **Exhibit 8**. It states six subjects for deposition examination:

a.     Defendant's driver compensation plans for the period beginning December 1, 2010 to the present;

b.     Defendant's rest and meal period policies for Defendants' drivers who spent all or part of their worktime within the State of California for

1   the period beginning December 1, 2010 to the present;

2        c.   The number of Defendants' drivers who spent all or part of

3   their worktime within the State of California for the period beginning December

4   1, 2010 to the present;

5        d.   The contact information for drivers who spent all or part of

6   their worktime within the State of California for the period beginning December

7   1, 2010 to the present;

8        e.   Defendant's recordkeeping concerning the work-related

9   activities of drivers who spent all or part of their worktime within the State of

10  California for the period beginning December 1, 2010 to the present; and

11       f.   Defendant's background checks on prospective employees for

12  the period beginning December 1, 2009 to the present.

13      11.   A true and correct copy of Defendant's initial disclosures statement

14  of June 8, 2015 is attached to this declaration as **Exhibit 9**. In it, Defendant lists

15  Tim Norlin as a person knowledgeable about "forms and authorizations used by

16  Defendant Marten Transport LTD in the process of hiring truck drivers; and

17  Defendant Marten Transport LTD's policies and procedures regarding prospective

18  truck driver background checks." Defendant lists as documents it may use in

19  support of its claims or defenses the following: driver trip sheets, operator

20  settlements, time cards, Department of Transportation logs, relevant policies, on-

21  duty meal period agreements, meal period waivers and authorization forms signed

22  by putative class members. The only authorization forms Plaintiffs are aware of to

23  date are those their attorneys have obtained from putative class members to obtain

24  their records from Defendant. Defendant has not produced any on duty meal

25  period agreements or meal period waivers that predate its initial disclosure

26  statement. Other than driver manuals and handbooks, Defendant has not produced

27  any policies that predate its initial disclosures statement. Defendant has not

28  produced policies on meal or rest periods that predate its initial disclosures

---

*Harrington  v. Marten Transport, Ltd., et al*   8     Spivak Decl. ISO Mot. For Class Cert.

statement. Defendant has not produced any documents entitled "trip sheets." Defendant has not produced any documents entitled "time cards." Defendant contends "the FAAAA pre-empts Plaintiff's wage and hour claims." (14:24-25).

12.     A true and correct copy of Defendant's Driver Employee Handbook dated October 1, 2012 bates labeled by Defendant as DEF0000328-DEF0000365 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit 10**. It states as follows:

a.     On page 2, Defendant requires driver employees to comply with all of its policies. It makes no mention of rest and meal periods.

b.     It states on pages 3 and 4 that Defendant specializes in transport of temperature controlled and perishable products.

c.     On page 6, Defendant states that it employs more than 2,700 people.

d.     On page 12, Defendant acknowledges that federal law requires it to "keep an accurate record of time worked, which is all time actually spent on the job performing assigned duties…"

e.     On page 22, Defendant states its policy on "securing company equipment." It states, "Equipment must stay within employee's sight unless prior authorization from Fleet Manager." The policy makes no exceptions for meal periods. *See also* DEF0000945 (Ex. 14), DEF0002974 (Ex. 26), DEF0000527 (Ex. 68), DEF0002289 (Ex. 69), DEF0001077 (Ex. 80), DEF0001249 (Ex. 80), DEF0001831 (Ex. 81), and DEF0002048-DEF0002049 (Ex. 82).

f.     On page 23, Defendant states that if unauthorized "personal use" of equipment occurs, Defendant will charge the employee $2 per unauthorized mile (*see also* Exhibit 7).

g.     There is no discussion of rest or meal periods in the Handbook (or any of its handbooks or driver manuals).

1          h.    On page 25, Defendant requires drivers to spend time
2    undergoing drug tests. There is no discussion of whether Defendant compensates
3    the drivers for such time apart from their mileage based and flat rate pay.

4          i.    On page 31, Defendant states that it maintains resident
5    addresses for its drivers. Such information will enable the Court to ascertain
6    which of Defendant's drivers are California-based, and, as Plaintiffs contend, are
7    subject to California wage and hour protections.

8        13.    A true and correct copy of Plaintiff Donald Harrington's Request for
9    Production of Documents and Tangible things to Defendant Marten Transport,
10   LTD., Set No. 3 is attached to this declaration as **Exhibit 11**. In response to these
11   requests, Defendant produced records of putative class members who authorized
12   Plaintiffs' counsel to request records on their behalf, including applications, driver
13   authorizations, settlement details, operator settlements, pay stubs, driver logs,
14   satellite messages, agreements, background checks, and acknowledgments of
15   receipt of employment policies and procedures.

16       14.    A true and correct copy of Defendant's Driver Employee Manual
17   (California Supplement) dated March 2013 which Defendant bates labeled
18   DEF0001015-DEF0001028 and produced in response to Plaintiff Donald
19   Harrington's Request for Production of Documents and Tangible Things to
20   Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this
21   declaration as **Exhibit 12**. It states that it applies to "employees who work in the
22   State of California." There is no discussion of rest or meal periods in the
23   Supplement.

24       15.    A true and correct copy of page 127 of Defendant's Driver Employee
25   Manual dated December 2014 which Defendant bates labeled DEF0000739 and
26   produced in response to Plaintiff Donald Harrington's Request for Production of
27   Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1
28   (see Exhibit 2) is attached to this declaration as **Exhibit 13**. It states as follows: "If

1  the employee leaves a placarded vehicle [a vehicle carrying hazardous materials]
2  in the care of another person, that person must be:" "Awake and able to move the
3  vehicle" and "stay within 100 feet of the vehicle." Presumably, a person who is
4  "able" to move the vehicle is another licensed truck driver.

5       16.    A true and correct copy of Defendant's Securement of Company
6  Equipment policy dated March 2014 and bates labeled by Defendant as
7  DEF0000945 and produced in response to Plaintiff Donald Harrington's Request
8  for Production of Documents and Tangible Things to Defendant Marten
9  Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit
10 14**. It states as follows: "Equipment must stay within site [*sic*] of the employee
11 unless prior authorization is received from his/her Fleet Manager. The
12 authorization must also include a secure location for the equipment."

13      17.    A true and correct copy of page 118 of Defendant's Driver Employee
14 Manual dated December 2014 is attached to this declaration as **Exhibit 15**.
15 Defendant bates labeled DEF0000730 and produced in response to Plaintiff
16 Donald Harrington's Request for Production of Documents and Tangible Things
17 to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2). It states that there
18 are special handling procedures for hazardous materials.

19      18.    True and correct copies of pages 62-63 of Defendant's Driver
20 Employee Manual dated December 2014 are attached collectively as **Exhibit 16**.
21 Defendant bates labeled DEF0000674-DEF0000675 and produced in response to
22 Plaintiff Donald Harrington's Request for Production of Documents and Tangible
23 Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2). It shows
24 the Qualcomm macro (code) for a driver to acknowledge in writing that he/she
25 accepts full responsibility for the security of the tractor, trailer and load "per
26 Marten standards." It also presents the macro for "running late."

27      19.    A true and correct copy of Defendant's "Produce Loading/Transit
28 Expectations" dated October 2012 and bates labeled by Defendant as

1   DEF0000534 and produced in response to Plaintiff Donald Harrington's Request

2   for Production of Documents and Tangible Things to Defendant Marten

3   Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit**

4   **17**. It states, "Keep transit times to an absolute minimum and be on time. Late

5   produce loads often result in a **claim!**"

6       20.    True and correct copies of Excerpts from Defendant's Driver

7   Employee Manual dated July 2015 is attached to this declaration as **Exhibit 18**.

8   Defendant bates labeled DEF0002216-DEF0002255 and produced in response to

9   Plaintiff Donald Harrington's Request for Production of Documents and Tangible

10  Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2). There is no

11  discussion of rest or meal periods in the Manual. Defendant designates the

12  document as confidential.

13      21.    True and correct copies of excerpts of the "Toll Info" records

14  Defendant maintained and bates labeled DEF0002978 and produced in response to

15  Plaintiff Donald Harrington's Request for Production of Documents and Tangible

16  Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are

17  collectively attached to this declaration as **Exhibit 19** in redacted form. Per the

18  agreement of the parties, this document has been redacted of all names and

19  employee identification numbers to protect the privacy of the employee's

20  identifying and contact information. These electronic records show the dates,

21  times and cities of tolls that one of Defendant's drivers passed through between

22  June 20 and July 8, 2012.

23      22.    True and correct copies of excerpts from "Fuelings" records

24  Defendant maintained and bates labeled DEF0002976 and produced in response to

25  Plaintiff Donald Harrington's Request for Production of Documents and Tangible

26  Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are

27  collectively attached to this declaration as **Exhibit 20** in redacted form. Per the

28  agreement of the parties, this document has been redacted of all names and

employee identification numbers to protect the privacy of the employee's identifying and contact information. Defendant requires its drivers "to keep records of their fueling events." DP depo., 107:11-15. These electronic records show the dates, times, cities and states of fuelings by one of Defendant's drivers between May 5, 2012 and January 15, 2013.

23.   True and correct copies of excerpts of the "Loading-Unloading" records Defendant maintained and bates labeled DEF0002977 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are collectively attached to this declaration as **Exhibit 21** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These electronic records show the cities and states where pick-ups and deliveries by one of Defendant's drivers took place.

24.   True and correct copies of excerpts from satellite computer messaging records Defendant maintained and bates labeled DEF0007508 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 9 (see Exhibit 47) are collectively attached to this declaration as **Exhibit 22** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These electronic records show the dates and times of messages between Defendant and one of Defendant's drivers between 10:29 am and 5:36 pm on February 7, 2012, including one message from Defendant to the driver that states, "DELIVERIES ARE HOT! CAN UNLOAD ALL DAY UNTIL 1830 AND THEN FROM 2200-2359. MUST DELIVER BEFORE 2359. YOU CAN TAKE BREAK THERE AT RECEIVING FACILITY! LUMPER INFO FOR TRIP # _____. Can you make that____?"

These records also show the tractor number in the far left column (redacted).

25.   True and correct copies of excerpts from satellite computer messaging records Defendant maintained and bates labeled DEF0006712 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 7 (see Exhibit 46) are collectively attached to this declaration as **Exhibit 23** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These electronic records show the dates and times of messages between Defendant and one of Defendant's drivers between 8:06 pm and 10:18 pm on May 1, 2015, including one message from Defendant to the driver that states, "HOT LOADS AND CANNOT FAIL!! ** CALIFORNIAA LOADS- _DO NOT ROUTE THROUGH UTAH." This message includes the load number. These records also show the tractor number in the far left column (redacted).

26.   True and correct copies of excerpts from satellite computer messaging records Defendant maintained and bates labeled DEF0007537 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 9 (see Exhibit 47) are collectively attached to this declaration as **Exhibit 24** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These electronic records show the dates and times of messages between Defendant and one of Defendant's drivers on August 25, 2011, including one message from Defendant to the driver that states, "CANNOT DROP LOAD ENROUTE…PLSE MAKE SURE YOU HAVE A LOCK ON YOUR TRL WTH THESE LOADS…VERY CRITICAL…DO NOT LEAVE LOAD UNATTENDED...TRL MUST BE DRY***" These records also

show the tractor number in the far left column (redacted).

27. True and correct copies of excerpts from satellite computer messaging records Defendant maintained and bates labeled DEF0002973 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are collectively attached to this declaration as **Exhibit 25** in redacted form. On the third page, there is a message from Defendant to a driver that states, "CAN ONLY CHECK IN AN HOUR EARLY, AFTER IN GATE THEN CAN PARK IN BAC OF FACILITY TO BREAK." These records also show the tractor number in the far left column (redacted).

28. True and correct copies of excerpts from satellite computer messaging records Defendant maintained and bates labeled DEF0002974 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are collectively attached to this declaration as **Exhibit 26** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. On the first page, there is a message from Defendant to a driver that states, "DRIVERS ARE TO STAY IN TRUCK AT ALL TIMES." On the final page, Defendant messages the driver, "...THEY HAVE A SECURED YARD AND CAN PARK OVERNIGHT BUT MUST STAY WITH TRUCK PER _____." These records also show the tractor number in the far left column (redacted).

29. A true and correct copy of Plaintiff Donald Harrington's Request for Production of Documents and Tangible things to Defendant Marten Transport, LTD., Set No. 4 is attached to this declaration as **Exhibit 27** In response to these requests, Defendant produced records of putative class members who authorized Plaintiffs' counsel to request records on their behalf, including applications, driver

authorizations, settlement details, operator settlements, pay stubs, driver logs, satellite messages, agreements, background checks, and acknowledgments of receipt of employment policies and procedures.

30.     True and correct copies of excerpts from "HOS Log Detail" records Defendant maintained and bates labeled DEF0006402 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 7 (see Exhibit 46) are collectively attached to this declaration as **Exhibit 28** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These records show the driver #, driver name, tractor #, fleet #, activity (off duty, on duty, sleeper, driving), start time, duration, state (Indiana, Wisconsin, Iowa, etc.), odometer and distance driven.

31.     True and correct copies of excerpts from "HOS Log Summary" records Defendant maintained and bates labeled DEF0006403 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 7 (see Exhibit 46) are collectively attached to this declaration as **Exhibit 29** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These records show the driver #, driver name, date, tractor #, fleet #, available driving, driving hours, today on duty, total on duty, today drive, today off duty, today sleeper, date and time, and activity (off duty, sleeper).

32.     A true and correct copy of a December 2014 model bill of lading (BOL) that Defendant bated labeled DEF0000712 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached

to this declaration as **Exhibit 30**. It states the load #, driver #, tractor #, trailer #, driver name, fleet manager, shipper, delivery date, receiver and stops. It also shows the pick-up and delivery cities and states.

33.     True and correct copies of Defendant's Qualcomm Macros Used Regularly and bates labeled DEF0002784 through DEF0002788 and DEF0000441 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are collectively attached to this declaration as **Exhibit 31**. It shows that drivers can report when they arrive at a delivery destination with Macro 22. The discussion of Marco 35 indicates that pickups and deliveries are time sensitive and on set schedules.

34.     A true and correct copy of Plaintiff Donald Harrington's Request for Production of Documents and Tangible things to Defendant Marten Transport, LTD., Set No. 5 is attached to this declaration as **Exhibit 32.** In response to these requests, Defendant produced records of putative class members who authorized Plaintiffs' counsel to request records on their behalf, including applications, driver authorizations, settlement details, operator settlements, pay stubs, driver logs, satellite messages, agreements, background checks, and acknowledgments of receipt of employment policies and procedure.

35.     True and correct copies of driver settlements (also known as settlement details, operator settlements, and pay stubs) for one of Defendant's flat day rate drivers (for the purposes of this declaration identified anonymously as driver # 1) for the periods of March 21 through March 27, 2012 and March 28, 2012 through April 3, 2012 that Defendant bates labeled DEF0003476 through DEF0003478 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 3 (see Exhibit 11) are attached collectively as **Exhibit 33** in redacted form. Per the agreement of the parties, this document has been

redacted of all names, addresses, account information, and employee identification numbers to protect the privacy of the employee's identifying and contact information. The codes of each form of compensation do not show hourly pay for work or rest periods, nor do they show a total for all hours worked.

36.    True and correct copies of driver settlements for one of Defendant's drivers (for the purposes of this declaration identified anonymously as driver # 2) for three pay periods in 2010 Defendant bates labeled DEF0002981 through DEF0002983 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 6 (see Exhibit 35) are attached collectively as **Exhibit 34** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, account information, and employee identification numbers to protect the privacy of the employee's identifying and contact information. They show flat rate compensation but no hourly compensation for work or rest periods, or a total for all hours worked.

37.    A true and correct copy of Plaintiff Donald Harrington's Request for Production of Documents and Tangible things to Defendant Marten Transport, LTD., Set No. 6 is attached to this declaration as **Exhibit 35**. In response to these requests, Defendant produced records of putative class members who authorized Plaintiffs' counsel to request records on their behalf, including applications, driver authorizations, settlement details, operator settlements, pay stubs, driver logs, satellite messages, agreements, background checks, and acknowledgments of receipt of employment policies and procedure.

38.    True and correct copies of operator settlements for Plaintiff Donald Harrington bates labeled by Defendant DEF000244 through DEF000324 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached collectively as **Exhibit 36** in redacted form. Per the

agreement of the parties, this document has been redacted of all names, addresses, and employee identification numbers to protect the privacy of the identifying and contact information. They show mileage based compensation per day but no hourly compensation for work or rest periods, or a total for all hours worked.

39.     A true and correct copy of Plaintiff Donald Harrington's application for employment with Defendant through Layover.com dated November 6, 2010 and bates labeled by Defendant DEF0000004 through DEF0000006 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit 37** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, social security numbers, and employee identification numbers to protect the privacy of the identifying and contact information. In the application, Harrington acknowledged, "I have completed this application of my own free will and hold Layover.com harmless of all liability for providing this application for my use."

40.     A true and correct copy of one of Defendant's drivers' (for the purposes of this declaration identified anonymously as driver # 3) application with Defendant dated November 7, 2011 and bates labeled by Defendant DEF0003485 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 5 (see Exhibit 32) is attached to this declaration as **Exhibit 38** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, and employee identification numbers to protect the privacy of the employee's identifying and contact information. In the application, the driver acknowledges, "I authorize release of any information, including all information related to any alcohol and controlled substance testing and training records as required by the Federal Motor Carrier Safety Regulations 49 CFR Parts 40, 391 or 382, by any past or current employers. I hereby release all such persons from any

liability or damages."

41.    A true and correct copy of a portion of one of Defendant's drivers' (for the purposes of this declaration identified anonymously as driver # 3) application with Defendant dated February 26, 2013 and bates labeled by Defendant DEF0003546 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 5 (see Exhibit 32) is attached to this declaration as **Exhibit 39** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, and employee identification numbers to protect the privacy of the employee's identifying and contact information.

42.    A true and correct copy of a portion of one of Defendant's drivers' (for the purposes of this declaration identified anonymously as driver # 4) application with Defendant dated April 21, 2009 and bates labeled by Defendant DEF0003592 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 4 (see Exhibit 27) is attached to this declaration as **Exhibit 40** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, and employee identification numbers to protect the privacy of the employee's identifying and contact information. It states, "I authorize release of any information, including all information related to any alcohol and controlled substance testing and training records as required by the Federal Highway Administration (FHWA) 49 CFR Parts 391 or 382, by any past or current employers. I hereby release all such persons from any liability or damages."

43.    A true and correct copy of one of Defendant's drivers' (for the purposes of this declaration identified anonymously as driver # 5) Driver Authorization to Release Records with Defendant dated March 7, 2012 which

Defendant bates labeled DEF0006123 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 3 (see Exhibit 11) is attached to this declaration as **Exhibit 41** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, social security numbers, and employee identification numbers to protect the privacy of the employee's identifying and contact information. It states, "I authorize release of any information, including all information related to any alcohol and controlled substance testing and training records as required by the Federal Motor Carrier Safety Regulations 49 CFR Parts 40, 391 or 382, by any past or current employers. I hereby release all such persons from any liability or damages."

44.    A true and correct copy of Donald Harrington's Company Driver Application with Defendant dated April 30, 2012 and bates labeled by Defendant DEF0000007 through DEF0000010 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit 42** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, social security numbers, and employee identification numbers to protect the privacy of the identifying and contact information. It states, "I authorize release of any information, including all information related to any alcohol and controlled substance testing and training records as required by the Federal Motor Carrier Safety Regulations 49 CFR Parts 40, 391 or 382, by any past or current employers. I hereby release all such persons from any liability or damages."

45.    A true and correct copy of Plaintiff Donald Harrington's Driver Authorization to Release Records with Defendant dated April 11, 2012 and bates labeled DEF0000017 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten

Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit 43** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, social security numbers, and employee identification numbers to protect the privacy of the identifying and contact information. It states, "I authorize release of any information, including all information related to any alcohol and controlled substance testing and training records as required by the Federal Motor Carrier Safety Regulations 49 CFR Parts 40, 391 or 382, by any past or current employers. I hereby release all such persons from any liability or damages."

46.     A true and correct copy of Plaintiff Donald Harrington's Request/Consent for Information from Previous Employer(s)/Carrier(s) for Alcohol and Controlled Substances Testing Records with Defendant dated April 11, 2012 and bates labeled DEF0000018 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit 44** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, social security numbers, and employee identification numbers to protect the privacy of the employee's identifying and contact information. It states, "I authorize release of any information, including all information related to any alcohol and controlled substance testing and training records as required by the Federal Motor Carrier Safety Regulations 49 CFR Parts 40, 391 or 382, by any past or current employers. I hereby release all such persons from any liability or damages."

47.     A true and correct copy of one of Defendant's drivers' (for the purposes of this declaration identified anonymously as driver # 4) Driver Authorization to Release Records with Defendant dated March 31, 2009 which Defendant bates labeled DEF-003603 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things

to Defendant Marten Transport, Ltd., Set No. 4 (see Exhibit 27) is attached to this declaration as **Exhibit 45** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, social security numbers, and employee identification numbers to protect the privacy of the employee's identifying and contact information. It states, "I authorize release of any information, including all information related to any alcohol and controlled substance testing and training records as required by the Federal Motor Carrier Safety Regulations 49 CFR Parts 40, 391 or 382, by any past or current employers. I hereby release all such persons from any liability or damages."

48.   A true and correct copy of Plaintiff Donald Harrington's Request for Production of Documents and Tangible things to Defendant Marten Transport, LTD., Set No. 7 is attached to this declaration as **Exhibit 46**. In response to these requests, Defendant produced records of putative class members who authorized Plaintiffs' counsel to request records on their behalf, including applications, driver authorizations, settlement details, operator settlements, pay stubs, driver logs, satellite messages, agreements, background checks, and acknowledgments of receipt of employment policies and procedure.

49.   A true and correct copy of Plaintiff Donald Harrington's Request for Production of Documents and Tangible things to Defendant Marten Transport, LTD., Set No. 9 is attached to this declaration as **Exhibit 47**. In response to these requests, Defendant produced records of putative class members who authorized Plaintiffs' counsel to request records on their behalf, including applications, driver authorizations, settlement details, operator settlements, pay stubs, driver logs, satellite messages, agreements, background checks, and acknowledgments of receipt of employment policies and procedure.

50.   True and correct copies of excerpts of the transcript of the deposition of Douglas Petit, Defendant's Senior Vice President of Operations, who it designated as its person most knowledgeable in response to Plaintiff Donald

Harrington's Fed.R.Civ.Proc. 30(b)(6) notice on the subjects of Defendant's meal and rest period policies, the number of and the contact information of the drivers who spent all or part of their worktime within the state of California, and Defendant's recordkeeping of the drivers' work-related activities (*see* PMK Deposition Notice, Exhibit 8, above), taken in this matter on August 31, 2016 are collectively attached to this declaration as **Exhibit 48**. DP depo., 12:7-11, 13: 16-17, 129:3-20.

51.   True and correct copies of excerpts of the transcript of the deposition of Timothy Norlin, Defendant's Senior Director of Driver Development, who it designated as its person most knowledgeable in response to Plaintiff Donald Harrington's Fed.R.Civ.Proc. 30(b)(6) notice on the subjects of Defendant's driver compensation plans and Defendant's background checks on prospective employees (*see* PMK Deposition Notice, Exhibit 8, above), taken in this matter on September 1, 2016 are collectively attached to this declaration as **Exhibit 49**. Mr. Norlin testified that he was familiar with the Wage Order and its meal and rest period requirements. TN depo., 81:2-82:2.

52.   A true and correct copy of the Declaration of Brian Kriegler, Ph.D. filed on October 13, 2016 in support of Plaintiff Donald Harrington's Motion for Class Certification (ECF Docket No. 64) is attached to this declaration as **Exhibit 50**.

53.   A true and correct copy of the document Defendant labeled "loading unloading" for one of Defendant's drivers (for the purposes of this declaration identified anonymously as driver # 7) spanning November 3, 2010 through February 23, 2011 and bates labeled DEF0006544#83E.E04 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5) is attached to this declaration as **Exhibit 51** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee

identification numbers to protect the privacy of the employee's identifying and contact information.

54.     A true and correct copy of the document Defendant labeled "loading unloading" for one of Defendant's drivers (for the purposes of this declaration identified anonymously as driver # 8) spanning June 10, 2011 through November 18, 2011 and bates labeled DEF0006559#0A1.558 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5) is attached to this declaration as **Exhibit 52** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information.

55.     True and correct copies of excerpts from the document Defendant labeled "HOS Log Detail" for two of Defendant's drivers (for the purposes of this declaration identified anonymously as driver # 9) spanning July 21, 2014 through August 2, 2015 and bates labeled DEF0006392#515.ECE in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5) and driver # 4 spanning August 5, 2014 through August 13, 2014 and bates labeled DEF0003089#28E.CEF in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 4 (see Exhibit 27) are collectively attached to this declaration as **Exhibit 53** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These records also show the tractor number (redacted).

56.     A true and correct copy of Defendant's fuel records for one of Defendant's drivers (for the purposes of this declaration identified anonymously

as driver # 7) spanning the period of December 2, 2010 through February 22, 2011 bates labeled DEF0006565#545.2F4 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5) is attached to this declaration as **Exhibit 54** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information.

57.   A true and correct copy of Defendant's payroll records spreadsheet for one of Defendant's drivers (for the purposes of this declaration identified anonymously as driver # 8) spanning the period of June 17, 2011 through January 13, 2012 bates labeled DEF0006560#BCD.753 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5) is attached to this declaration as **Exhibit 55** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information.

58.   A true and correct copy of Defendant's payroll records spreadsheet for one of Defendant's drivers (for the purposes of this declaration identified anonymously as driver # 8) spanning the period of November 5, 2010 through March 11, 2011 bates labeled DEF0006545#27D.88E in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5) is attached to this declaration as **Exhibit 56** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information.

59.   True and correct copies of excerpts from Defendant's satellite messaging records spreadsheet for Plaintiff Donald Harrington for the period of May 29, 2013 through January 13, 2014 bates labeled DEF0002975^75C.1A6 and

produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5) is attached to this declaration as **Exhibit 57** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These records also show the tractor number (redacted).

60.    A true and correct copy of Defendant's toll records for Donald Harrington for the period of June 18, 2012 through November 8, 2012 bates labeled DEF0002978^1A7.81B and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 2 (see Exhibit 5)  is attached to this declaration as **Exhibit 58** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. These records also show the tractor number (redacted).

61.    Omitted by Plaintiffs.

62.    A true and correct copy of Plaintiff Donald Harrington's letter to the California Labor and Workforce Development Agency dated November 25, 2014 is attached to this declaration as **Exhibit 59**.

63.    A true and correct copy of Plaintiff Donald Harrington's complaint filed on December 1, 2014 in the Los Angeles Superior Court, Case No. BC565214 (ECF Docket No. 1-1), is attached to this declaration as **Exhibit 60**.

64.    A true and correct copy of Plaintiff Donald Harrington's First Amended Complaint dated August 17, 2015 (ECF Docket No. 21) is attached to this declaration as **Exhibit 61**. In paragraph 11, Plaintiff Donald Harrington defines the classes as follows: (A) **Truck Driver Class**: All persons Defendants employed in California as truck drivers and in other comparable positions at any

1    time during the period beginning four years prior to the filing of this action and

2    ending on the date that final judgment is entered in this action; and (B) **FCRA**

3    **Class:** All of Defendants' current, former and prospective applicants for

4    employment in the United States who applied for a job with Defendants at any

5    time during the period beginning five years prior to the filing of this action and

6    ending on the date that final judgment is entered in this action.

7        65.    A true and correct copy of Defendant's notice of removal dated

8    February 27, 2015 (ECF Docket No. 1) is attached to this declaration as **Exhibit**

9    **62**.

10       66.    A true and correct copy of the declaration of Susan Deetz,

11   Defendant's director of human resources, dated February 27, 2015 (ECF Docket

12   No. 3) is attached to this declaration as **Exhibit 63**. Defendant attached the

13   declaration as an exhibit in support of its removal notice. She also states that

14   Defendant's personnel records pertaining to Plaintiff Donald Harrington show him

15   to have been a California resident throughout his employment. At paragraph 5,

16   Ms. Deetz states, "Plaintiff's job title while he worked for Defendant Marten

17   Transport LTD was Western Regional truck driver. Marten Transport LTD has

18   employed over 1,060 California residents as truck drivers since December 1,

19   2010. Since December 1, 2013, Marten Transport LTD has employed over 625

20   California residents as truck drivers." She also states, "Since January 1, 2010, over

21   48,920 individuals in the United States have applied for a truck driver position

22   with Marten Transport LTD."

23       67.    A true and correct copy of the Parties' Rule 26(f) Report dated May

24   22, 2015 (ECF Docket No. 16) is attached to this declaration as **Exhibit 64**. The

25   Parties state as issues to be resolved by the lawsuit the following: Whether

26   Defendants failed and continue to fail to provide meal periods and paid rest

27   periods, free of duty, to class members in violation of the Labor Code and the

28   applicable IWC Wage Order(s);  Whether Defendants engaged in unfair

competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class; Whether Defendants failed to timely furnish accurate itemized statements to class members in conformity with Labor Code § 226(a); Whether class members are entitled to penalties pursuant to Labor Code § 203; Whether Defendants complied with the FCRA with regards to written disclosures before obtaining a credit or background report; Whether Defendants willfully failed to comply with the FCRA; and Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through alleged Labor Code violations. Defendant states in the report, "As currently defined and understood, Plaintiff's subclass with an alleged claim for violation of the Fair Credit Reporting Act (FCRA) contains over approximately 48,000 individuals throughout the United States, many of whom were never employees of either Defendant but instead were mere applicants." (11:5-9).

68.   A true and correct copy of Defendant's August 31, 2015 Answer to Plaintiff Donald Harrington's First Amended Complaint (ECF Docket No. 25) is attached to this declaration as **Exhibit 65**. It pleads the following defenses (among others): (12) preemption by the Federal Aviation Administration Authorization Act ("FAAAA"), (14) no failure to provide meal and rest periods as required by California law, and (19) the reports Defendant received for applicants for employment were not consumer or investigative reports.

69.   A true and correct copy of the Court's Order Granting Stipulation Re Discovery of Putative Class Member Identities and Contact Information dated September 8, 2015 (ECF Docket No. 26) is attached to this declaration as **Exhibit 66**. It obligated Defendant to provide the full names, last known addresses and phone numbers of truck driver employees for the time period of "December 1, 2010 and ending at the present date" who were California residents during their employment. Exhibit 66, 3:18-25. Defendant provided such information to the Court-approved administrator for 1,540 resident drivers and on September 28,

1   2015, the mailing took place.

2       70.    True and correct copies of excerpts of several of Defendant's policies

3   revised in December of 2014 which Defendant bates labeled DEF0000609,

4   DEF0000637, DEF0000638, DEF0000653, DEF0000670, DEF0000671,

5   DEF0000689, DEF0000699, DEF0000700, and produced in response to Plaintiff

6   Donald Harrington's Request for Production of Documents and Tangible Things

7   to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached to this

8   declaration as **Exhibit 67**. The following subparagraphs pertain to documents in

9   Exhibit 67:

10           a.    At DEF0000637, Defendant requires drivers to spend time

11                 undergoing drug and alcohol tests. There is no discussion of

12                 whether Defendant compensates the drivers for such time apart

13                 from their mileage based and flat rate pay.

14           b.    At DEF0000653, Defendant requires drivers to spend time

15                 undergoing drug and alcohol tests. There is no discussion of

16                 whether Defendant compensates the drivers for such time apart

17                 from their mileage based and flat rate pay.

18           c.    At DEF0000670-DEF0000671, Defendant provides the drivers

19                 with the "Step-by-step Trip checklist" and the Macros and

20                 instructs them how and when to communicate through

21                 Omnitracs/Qualcomm with Defendant during a workday.

22           d.    At DEF0000689, Defendant states, "Equipment must stay

23                 within site [*sic*] of the employee unless prior authorization is

24                 received from his/her Fleet Manager. This authorization must

25                 also include a secure (approved) location for the equipment."

26           e.    At DEF0000699, Defendant states "Marten Transport makes

27                 use of standard mileage computations used throughout the

28                 transportation industry for purposes of invoicing its customers

and making payment of wages to its driving employees. **The Mileages Are Retrieved From Marten Transport's Rand McNally Household Goods Miles."**

71.     True and correct copies of excerpts of several of Defendant's policies revised in October of 2012 which Defendant bates labeled DEF0000399, DEF0000472-DEF0000484, DEF0000527-DEF0000528, DEF0000543-DEF0000544, DEF0000555, DEF0000561, and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached to this declaration as **Exhibit 68**. The following subparagraphs pertain to documents in Exhibit 68:

> a.     At DEF0000399, Defendant informs the drivers of the type of messages they should communicate with dispatch through Qualcomm.
>
> b.     At DEF0000527, Defendant states, "Equipment must stay within site [*sic*] of the employee unless prior authorization is received from his/her Fleet Manager."
>
> c.     At DEF0000543-DEF0000544, Defendant instructs the drivers to submit trip documents utilizing Qualcomm scanning. It also states that "Trip Documents include the Trip Report (Cover Sheet), all Bills of Lading, receipts, paper logs if not sending electronic, and any other relevant documents."

72.     True and correct copies of excerpts from Defendant's Driver Employee Manual dated July 2015 which Defendant bates labeled DEF0002289 and DEF0002366 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached collectively as **Exhibit 69**. Defendant designates the document as confidential.

1

2

3

4

      a.     At DEF0002289, Defendant states, "Equipment must stay within site [*sic*] of the employee unless prior authorization is received from his/her Fleet Manager. The authorization must also include a secure (approved) location for the equipment."

5

6

7

     73.    A true and correct copy of the court's class certification decision in *Bickley v. Schneider National Carriers, Inc.,* No. C-08-05806-JSW (N.D. Cal. Sep. 07, 2012) is attached to this declaration as **Exhibit 70**.

8

9

10

11

12

13

14

15

16

     74.    A true and correct copy of the email message of Defendant's Human Resources Sr. Generalist dated September 28, 2015, regarding Plaintiff Donald Harrington's termination is attached to this declaration as **Exhibit 71** in redacted form. Per the agreement of the parties, this document has been redacted of all names and employee identification numbers to protect the privacy of the employee's identifying and contact information. Defendant bates labeled and produced this document as DEF0000143 in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2).

17

18

19

     75.    A true and correct copy of the email message of Caroline Lowman of Class Action Claims Administration, Inc. dated September 28, 2015 is attached to this declaration as **Exhibit 72**.

20

21

22

23

24

25

     76.    A true and correct copy of the complaint by Michael Dodson against Defendant filed on January 31, 2013 in the San Bernardino Superior Court, Case No. CIVRS1300801, is attached to this declaration as **Exhibit 73**. Mr. Dodson, a former California-based driver employee of Defendant, filed his complaint on January 31, 2013 for Defendant's failure to pay minimum wages and for illegal deductions in violation of the California Labor Code.

26

27

28

     77.    A true and correct copy of the first amended complaint by Erika Johnson against Defendant filed on September 10, 2012 in the San Bernardino Superior Court, Case No. CIVRS1008457, is attached to this declaration as

**Exhibit 74**. Ms. Johnson, a former California-based driver employee of Defendant, filed her first amended complaint on September 10, 2012 for Defendant's failure to pay minimum wages and for illegal deductions.

78.     A true and correct copy of Plaintiffs' Second Amended Complaint dated August 23, 2017 (ECF Docket No. 94) is attached to this declaration as **Exhibit 75**.

79.     A true and correct copy of Defendant's November 17, 2017 Answer to Second Amended Complaint (ECF Docket No. 102) is attached to this declaration as **Exhibit 76**. It pleads the following defenses (among others): (12) preemption by the Federal Aviation Administration Authorization Act ("FAAAA"), (14) no failure to provide meal and rest periods as required by California law, and (19) the reports Defendant received for applicants for employment were not consumer or investigative reports.

80.     A true and correct copy of Defendant's Driver Positon Description dated October 2012 and bates labeled by Defendant as DEF0000387 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit 77**. It states that the purpose of the position is to "transport customer product to its destination in an on-time damage-free condition which achieves or exceeds the customers' expectations..." It requires drivers to abide by all Defendant's policies and procedures.

81.     Plaintiffs can identify a number of significant common questions of fact and law:

A.     Whether for the Driver Class "Mandatory breaks are based on hours worked **in California**" only (Ex. 1, DEF7687; *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-CV-05221-SI, 2016 WL 4529430, at *17 (N.D. Cal. Aug. 30, 2016));

B.     Whether for the Driver Class hours worked before entering

California and after leaving California do not count toward hours worked (Ex. 1, DEF7687; *Ridgeway v. Wal-Mart Stores, Inc.*, No. 08-CV-05221-SI, 2016 WL 4529430, at *17 (N.D. Cal. Aug. 30, 2016));

C.     Whether for the FCRA Class Defendant's background check disclosures violate the FCRA by including liability release provisions and other extraneous information (Exhibit 1, DEF7714-7727);

D.     Whether for the FCRA Class federal motor carrier regulations required Defendant to issue pre-background check disclosures that included liability release provisions and other extraneous information (Exhibit 1, DEF7714-7727);

E.     Whether for the FCRA Class and the 2-Year FCRA Class the statute of limitations on the claims at issue is five years or two years (*see* 15 U.S.C. §1681p);

F.     Whether for the Driver Meal Break Subclass Defendant's written policies failed to provide its drivers with meal and rest breaks as required by California law;

G.     Whether for the Driver Class  Defendant's failure to expressly authorize the drivers to take a ten minute rest period every four hours worked, or major fraction thereof, is a violation of the Wage Order (*see e.g., Alberts v. Aurora* (2015) 241 Cal.App.4th 388, 406; *Bradley v. Networkers International, LLC*, 211 Cal.App.4th 1129, 1150 (2012));

H.     Whether for the Driver Meal Break Subclass Defendant's failure to expressly authorize the drivers to take 30 minute meal periods before they work more than five hours is a violation of the Wage Order (Cal.Lab.Code §§ 226.7, 512);

I.     Whether for the class members of the Driver Class  are entitled to premium wages because Defendant failed to authorize class members to take 10 minute rest breaks (Cal.Lab.Code § 226.7);

J.      Whether for the class members of the Driver Class are entitled to premium wages because Defendant failed to pay class members separately for the rest break time;

K.      Whether for the Driver Meal Break Subclass Defendant paid meal period wages when on-duty meal periods are taken;

L.      Whether for the Driver Meal Break Subclass Defendant could have entered into an on-duty meal period agreement with its drivers (*see* DS ¶ 11, Ex. 9; Wage Order 9, § 12(c));

M.      Whether for the Driver Meal Break Subclass California law obligated Defendant to factor meal and rest periods into its delivery schedules;

N.      Whether for the Driver Meal Break Subclass federal regulations requiring motor carriers to factor State speed limits into their deliver schedules law obligated Defendant to factor meal and rest periods into their delivery schedules (*see* 49 C.F.R. § 392.6);

O.      Whether for the Driver Meal Break Subclass the FAAAA and/or federal regulations on hazardous materials preempt California meal and rest periods laws (*see* Ex. 77);

P.      Whether for the Driver Meal Break Subclass drivers could waive meal and rest periods that Defendant did not notify them of (*see* DS ¶ 11, Ex. 9; *Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004, 1033, 273 P.3d 513, 532 (2012); *Ortega v. J.B. Hunt Transp., Inc.,* 2012 WL 6708161, at *3 (C.D. Cal. Dec. 18, 2012) (Fitzgerald, J.); *Bradley v. Networkers International, LLC*, 211 Cal.App.4th 1129, 1151 (2012); *Safeway, Inc. v. Superior Court of Los Angeles Cty.,* 238 Cal. App. 4th 1138, 1160 (2015), <u>review denied</u> (Oct. 21, 2015));

Q.      Whether for the Driver Meal Break Subclass Defendant's prohibition on leaving sight of the vehicle violates California's meal and rest period laws (*Brinker*, 53 Cal.4th at 1035; Lab.Code §512(a); Wage Order,

§11(A); *Madera Police Officers Ass'n v. City of Madera*, 36 Cal.3d 403 (1984));

R.      Whether for the Driver Meal Break Subclass Defendant has paid premium wages when meal and rest breaks have not been provided;

S.      Whether for the Driver Class members employed after July of 2014 the amount of unpaid premium wages can be determined by reviewing a sample of the driver logs and other electronic records that are available (*see Ridgeway v. Wal-Mart Stores, Inc.,* No. 08-CV-05221-SI, 2016 WL 4529430, at *15-17 (N.D. Cal. 2016);

T.      Whether for the Driver Class Cal. Labor Code § 226.2 eliminates Defendant's contractual obligations accrued before it was enacted and as a result, violates the Contracts Clause of the United States Constitution, Article I, Section. 10 (*Lockheed Aircraft Corp. v. Superior Court*, 28 Cal.2d 481, 487 (1946));

U.      Whether for the FCRA Class Defendant's background check disclosures include "stand alone" disclosures that do not violate the FCRA (Exhibit 1, DEF7714-7727; 15 U.S.C. § 1681b(b)); and

V.      Whether for the FCRA Class the employees who underwent Defendant's background checks suffered a concrete injury due to Defendant failure to issue "stand alone" disclosures that do not violate the FCRA (Exhibit 1, DEF7714-7727; *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016)).

82.     True and correct copies of Defendant's deposition subpoena to driver #4 dated November 21, 2016 and driver #4's objections to Defendant's deposition subpoena dated December 8, 2016 are collectively attached to this declaration as **Exhibit 78** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, account information, and employee identification numbers to protect the privacy of the employee's identifying and contact information.

83.     A true and correct copy of driver settlement for one of Defendant's drivers (for the purposes of this declaration identified anonymously as driver # 4) for the period of August 6 through 12, 2014 that Plaintiffs' counsel bates labeled SP000299-SP000300 in response to Defendant's deposition subpoena to driver #4 dated November 21, 2016 (see Exhibit 78) is attached to this declaration as **Exhibit 79** in redacted form. Per the agreement of the parties, this document has been redacted of all names, addresses, account information, and employee identification numbers to protect the privacy of the employee's identifying and contact information.

84.     True and Correct copies of excerpts from Defendant's Employee Manual dated February 2012 which Defendant bates labeled DEF0001045, DEF0001077, DEF0001249, and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached collectively as **Exhibit 80**. The following subparagraphs pertain to documents in Exhibit 80:

      a.     At DEF0001077, Defendant states "Equipment must stay within employee's site [*sic*] unless prior authorization is received from Fleet Manager."

      b.     At DEF0001249, Defendant states "Equipment must stay within site [*sic*] of the employee unless prior authorization is received from his/her Fleet Manager."

85.     A true and correct copy of Defendant's Securement of Company Equipment policy dated March 2013 and bates labeled by Defendant as DEF0001831 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) is attached to this declaration as **Exhibit 81**. It states as follows: "Equipment must stay within site [*sic*] of the employee

unless prior authorization is received from his/her Fleet Manager."

86. True and Correct copies of excerpts from Defendant's Employee Manual dated January 2011 which Defendant bates labeled DEF0002048-DEF0002049 and produced in response to Plaintiff Donald Harrington's Request for Production of Documents and Tangible Things to Defendant Marten Transport, Ltd., Set No. 1 (see Exhibit 2) are attached collectively as **Exhibit 82**. The following subparagraphs pertain to documents in Exhibit 82:

        a.    At DEF0002048, Defendant states "('Applicant') understands that failure to return Marten Transport, Ltd. equipment to a designated Marten Transport, Ltd. terminal will result in Marten Transport, Ltd. charging ("Applicant") with abandonment of Company equipment. I also understand the charge of abandonment will be permanently recorded on my driving record, in addition to being reported to DAC Services. I further understand should I abandon the equipment, all personal belongings within will be discarded."

        b.    At DEF0002049, Defendant states "if such unauthorized use of equipment occurs the employee will be responsible to reimburse Marten Transport $2.00 per unauthorized mile, to cover associated costs."

87. Attached collectively as **Exhibit 83** are true and correct copies of emails in redacted form of David Spivak and Angela Rafoth dated September 28, 2016 through October 11, 2016 regarding Defendant's truck position reporting (i.e. "ping") records. Parts of these emails have been redacted to eliminate irrelevant discussions. In her email dated October 11, 2016, Ms. Rafoth stated "that position reporting (i.e. 'ping') data does exist, for all or most of the class period." Such records, which go back to the beginning of the class period, will show the cities and states each driver performed his/her duties in a workday and

the amount of time spent in California. As such, these records will enable the Court to ascertain the drivers who were subject to California wage and hour protections.

88.     A true and correct copy of the Declaration of V. Paul Herbert filed on October 13, 2016 in support of Plaintiff Donald Harrington's Motion for Class Certification (ECF Docket No. 62) is attached to this declaration as **Exhibit 84**.

89.     A true and correct copy of the declaration of Donald Harrington, dated October 10, 2016 and filed on October 13, 2016 (ECF Docket No. 61), is attached to this declaration as **Exhibit 85.**

90.     I have received varying estimates from Defendant's counsel as to the number of California-based day-rate drivers, some of which are numerous and some are not.

91.     To the best of my knowledge, neither Plaintiffs nor I have any conflicts of interest with the absent class members in this case. I have already spent substantial hours interviewing the named Plaintiffs and other class members, researching the claims, conducting discovery, taking and defending depositions, and retaining an expert to analyze the management of the trial in this case. I intend to continue representing the putative class members diligently.

92.     In 1991, I earned a Bachelor of the Arts degree with a major in Political Science from the University of California at Berkeley. In 1995, I earned a Juris Doctor degree from Southwestern University School of Law.

93.     While in Law School, I externed for the Honorable Judith Chirlin (ret.) and the Honorable Bernard Kaufman (ret.), both Judges of the Los Angeles Superior Court, Central District. I also externed for the California Attorney General.

94.     In December of 1995, Supreme Court for the State of California admitted me as an Attorney and Counselor at Law and licensed me to practice law in all the Courts of this State. On May 11, 2012, I also became admitted to the

District of Columbia Bar.

95.     I began practicing law with the Law Offices of David L. Ross after I was admitted to the Bar. The Law Offices of David L. Ross later merged with other law firms to become Ross, Rose & Hammill, LLP. At these firms, my legal work focused primarily on representation of federal employees. I practiced before a variety of tribunals, including the Merit Systems Protection Board, the Equal Employment Opportunity Commission, California State courts, and several federal courts throughout the country. I represented many individuals with employment claims against the U.S. Government.

96.     I chose to open my own practice in April of 2000. At that time, I formed Spivak & Harrison, LLP with David Harrison. Spivak & Harrison, LLP concentrated in the areas of employment law and investor rights. Until Spivak & Harrison, LLP began to dissolve in about August of 2007, my practice focused on public and private employee rights claims before arbitrators (including the ADR Services, Judicate West, National Association of Securities Dealers (now the Financial Industry Regulatory Authority), the State and federal courts, Merit Systems Protection Board, the California Labor & Workforce Development Agency, the California Division of Labor Standards Enforcement, the California Unemployment Insurance Appeals Board and the Equal Employment Opportunity Commission.

97.     In August of 2007, I formed The Spivak Law Firm. With the Spivak Law Firm, my practice is focused on representation of private and public employees with claims of unpaid wages, wrongful termination, harassment, family and medical leave, whistleblowing, discrimination, benefits, and civil rights violations. One of my websites, *FightWrongfulTermination.com*, provides a further description of my practice. I am also of-counsel to the law firm of Aidikoff, Uhl & Bakhtiari and frequently advise them on matters involving employment law.

98.   I am experienced in handling employment law matters and specifically wage and hour cases. I have been practicing law since 1995. My experience has been almost exclusively in the area of employment law representing employees with claims of wrongful termination, harassment, whistleblower retaliation, discrimination, wage and hour, and family and medical leave violations. I have tried many cases before California and federal courts, government agencies and neutral arbitrators. I am a member of the California Employment Lawyers Association (CELA).

99.   Since I started practicing law, I have tried many cases before courts, arbitrators and government agencies. Some of my cases are:

a.   *Ricardo Sandoval v. Dept. of Treasury*, United States District Court, Southern District of California (the Honorable Judith Keep presiding), 1998. Plaintiffs Special Agent for the U. S. Customs Service alleged discrimination and retaliation in promotions and discipline. The jury awarded compensatory damages. Court subsequently awarded additional back pay and gave Plaintiffs a retroactive promotion. *See* "Lawsuit Puts Customs Service on Trial: Agent Alleges Corruption, White Supremacist Cabal" by Valerie Alvord, *San Diego Union-Tribune,* April 29, 1998; "Customs Agent Is Awarded $200,000: Jury Says He Faced Bias And Retaliation" by Valerie Alvord, *San Diego Union-Tribune,* May 16, 1998.

b.   *Jorge Guzman v. Department of Justice,* United States District Court, Central District of California (the Honorable Lourdes Baird presiding), 1999. Plaintiffs Special Agent for the Immigration and Naturalization Service alleged racial discrimination, retaliation and police brutality by agents of the Office of the Inspector General. Jury found the Defendants liable. Case settled shortly before the damages phase. *See* "U.S. to Pay $400,000 to INS Agent in Bias Suit; Courts: Complaint says he suffered 10 years of harassment on the job because he is Latino, including falsified charges" by Patrick J. McDonnell, *Los*

1    *Angeles Times,* January 21, 1999.

2           c.    *Dr. Perry Crouch v. SHIELDS*, Los Angeles Superior Court,

3    Compton (the Honorable Michael Rutberg presiding), 2001. Plaintiff

4    whistleblower brought civil rights claims and wrongful termination claims against

5    employer in a month-long jury trial. The jury awarded compensatory and punitive

6    damages. *See* "Activist Says Criticism of Rail Plan Cost His Job" by Dan Weikel,

7    *Los Angeles Times,* September 28, 2000; "Punitive Damages Awarded to Fired

8    Social Worker" by Dan Weikel, *Los Angeles Times,* June 10, 2000; "A

9    Whistleblower's Revenge" by Susan Goldsmith, *New Times Los Angeles,* June 8,

10   2000.

11          d.    *Imagraph, Inc. (Steve Shiffman) v. Mohamed T. Nehmeh,*

12   Orange County Superior Court, Central Justice Center (the Honorable Kirk H.

13   Nakamura presiding), 2004. Plaintiff, who I represented *pro bono* sought the

14   return of $45,000.00 he paid to an attorney escrow officer who subsequently

15   absconded with the money. The jury awarded compensatory damages. The

16   Judgment with interest is now far in excess of that amount. Soon after this case

17   was litigated, the State Bar of California awarded me the Wiley W. Manuel

18   Award for Pro Bono Legal Services.

19          e.    *Rick Pierce v. Department of Treasury,* Merit Systems

20   Protection Board (1999). Administrative Judge awarded compensatory damages to

21   wrongfully terminated Customs Agent, followed by an award of Attorneys' fees

22   and costs.

23          f.    *Richard Wamel* v. *Ocelot Engineering Co.,* Judicate West

24   before the Honorable Robert Polis (ret.) (2008). In that case, I represented a victim

25   of FMLA violations and wrongful termination against his former employer. The

26   Neutral Arbitrator awarded compensatory and liquidated damages. The claims for

27   damages, attorney's fees and costs were resolved shortly thereafter by means of a

28   confidential settlement.

g.     *Alina Ghrdilyan v. RJ Financial, Inc.*, et al., LA Superior Court case no. BC430633 (2012), the Honorable Ronald Sohigian presiding. To my knowledge, this case is the first and only case to be successfully prosecuted through trial under the Labor Code Private Attorney Generals Act of 2004, Labor Code §§ 2698, *et seq*. on behalf of plaintiffs and other aggrieved employees against someone other than an employer for civil penalties including unpaid wages. The case involves claims of unpaid overtime, unprovided rest and meal periods, unpaid vacation, untimely interval and final wages, and unreimbursed expenses. For my work in that case, the Court awarded me an hourly rate of $600.00 hour based on my skill and experience.

100.   In my representation of employees, I have prosecuted several lawsuits on behalf of employees with claims of rest and meal period and overtime violations or other wage claims. I have recently been involved in the prosecution of numerous wage and hour class actions at various stages of litigation. A small sampling of the wage and hour class action cases in which I have recently been counsel of records is as follows:

a.     *Shaw v. Interthinx, Inc.*, United States District Court, District of Colorado, Case No. 13-CV-01229 (appointed Class Counsel and granted final approval of $6,000,000 class action settlement by the Court on behalf of auditor and underwriter employees).

b.     *Vang v. Burlington Coat Factory Corporation*, United States District Court Central District of California, Case No. 09-CV-08061-CAS-JCx (appointed Class Counsel and granted final approval of $5,750,000 of class action settlement by this Court on behalf of assistant store manager employees).

c.     *Evans v. Equinox, et al*., Los Angeles Sup.Ct., Case No. BC440058 (appointed Class Counsel and granted final approval by the Court of $5,500,000 class action settlement on behalf of personal trainer employees).

d.     *Nardone v. Sequoia Beverage Company, LP*, Tulare County

Superior Court, Case No. VCU-248370 (appointed Class Counsel and granted final approval by the Court of $2,200,000 class action settlement on behalf of hourly employees).

  e. *Valdez v. Healthcare Services Group, Inc*., Los Angeles Sup.Ct., Case No. BC462917 (appointed Class Counsel and granted final approval by the Court of $1,700,000 class action settlement on behalf of service account manager employees).

  f. *Huynh v. Carefusion Resources, LLC, et al,* San Diego Sup.Ct., Case No. 37-2009-00103277-CU-OE-CTL (appointed Class Counsel and granted final approval by the Court of $1,540,000 class action settlement on behalf of medical devices employees).

  g. *Cunningham v. DPI Specialty Foods West, Inc*., Los Angeles Sup.Ct., Case No. BC465017 (appointed Class Counsel and granted final approval by the Court of $1,150,000 class action settlement on behalf of merchandiser employees).

  h. *Sandoval v. Rite Aid Corp.*, Los Angeles Superior Court, Case No. BC431249 (granted class certification through contested motion, appointed Class Counsel and granted final approval of $975,000 class action settlement by the Court in case on behalf of former pharmacy employees based on late final wage payments in violation of Labor Code §§ 201–203).

  i. *Alafa v. Custom Built Personal Training, Inc*., Tulare County Superior Court, Case No. VCU-245496 (appointed Class Counsel and granted final approval by the Court of $850,000 class action settlement on behalf of assistant fitness manager employees).

  j. *Stucker v. L'Oreal*, Los Angeles Sup.Ct. Case No. BC456080 (appointed Class Counsel and granted final approval of $650,000 class action settlement involving alleged misclassification of sales employees and unpaid vacation pay).

k.      *DiCato v. Francesca's Collections, Inc*., San Diego County Superior Court, Case No. 37-2012-00094401-CU-OE-CTL (appointed Class Counsel and granted final approval by the Court of $470,000 class action settlement on behalf of boutique manager and assistant manager employees).

l.      *Montes v. Branam Enterprises, Inc.,* Los Angeles Sup.Ct. Case No. BC442608 (appointed Class Counsel and granted final approval of $400,000 class action settlement on behalf of call concert rigging employees).

m.      *Valencia v. SCIS Air Security Corp.*, Los Angeles Superior Court, Case No. BC421485 (granted class certification through contested motion, appointed Class Counsel and granted final approval of $207,541.84 class action settlement by the Court in case on behalf of former security workers based on late final wage payments in violation of Labor Code §§ 201–203).

101.   A true and correct copy of the amended declaration of Anthony Bryant, dated March 26, 2018, is attached to this declaration as **Exhibit 86**.

102.   A true and correct copy of the amended declaration of Edwin Ayala, dated March 28, 2018, is attached to this declaration as **Exhibit 87**.

103.   A true and correct copy of the declaration of Jeffery P. Smith, dated October 13, 2016, is attached to this declaration as **Exhibit 88**.

104.   A true and correct copy of the declaration of Carol Garrett, dated October 11, 2016, is attached to this declaration as **Exhibit 89**.

105.   A true and correct copy of the declaration of Sandra Delao, dated October 11, 2016, is attached to this declaration as **Exhibit 90**.

106.   A true and correct copy of the declaration of James Barclay, dated October 12, 2016, is attached to this declaration as **Exhibit 91**.

107.   A true and correct copy of the declaration of Glenn Beasley, dated October 11, 2016, is attached to this declaration as **Exhibit 92**.

108.   A true and correct copy of the declaration of Dianna Morrison, dated October 11, 2016, is attached to this declaration as **Exhibit 93**.

109.   A true and correct copy of the declaration of Ian Campbell, dated October 12, 2016, is attached to this declaration as **Exhibit 94**.

110.   A true and correct copy of the declaration of Marty Austin, dated October 12, 2016, is attached to this declaration as **Exhibit 95**.

111.   A true and correct copy of the declaration of William Houghton, dated October 13, 2016, is attached to this declaration as **Exhibit 96**.

112.   A true and correct copy of the declaration of Emilio Vazquez, dated March 29, 2018, is attached to this declaration as **Exhibit 97**.

113.   A true and correct copy of the declaration of James Williams, dated March 29, 2018, is attached to this declaration as **Exhibit 98**.

114.   A true and correct copy of the declaration of Eric Scott Powell, dated March 30, 2018, is attached to this declaration as **Exhibit 99**.

115.   A true and correct copy of the declaration of Jamar Evans, dated March 30, 2018, is attached to this declaration as **Exhibit 100**.

116.   A true and correct copy of the declaration of Patrick Gatson, dated April 2, 2018, is attached to this declaration as **Exhibit 101**.

117.   I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on April 9, 2018, at Encino, California.


___/s/ David Spivak_____
          DAVID G. SPIVAK,
          Declarant